## SPANN vs. NANCE.

[BILL IN EQUITY FOR INJUNCTION AND ACCOUNT.]

1. *Who seeks equity must do equity.*—Where two partners in a ferry were tenants in common of the adjacent lands, and, on the death of one, his moiety of the lands was sold by his administrator, the other partner cannot maintain a bill in equity against the purchaser, for an injunction and account of the profits of an opposition ferry established by him under an order of the commissioners' court, when it appears that, before the purchaser applied for the new ferry grant, he had offered to form a partnership with the complainant in the old ferry, and that his offer was rejected.

APPEAL from the Chancery Court of Pickens.

Heard before the Hon. JAMES B. CLARK.

The decree of the chancellor in this case, which states all the material facts, and which is adopted as the opinion of this court, is as follows:

CLARK, CH.—" The object of the bill is, to compel the defendant to account to the complainant for his share of the profits of a certain ferry, for the establishment of which the defendant obtained a grant from the commissioners' court of the county. The facts of the case, as I extract them from the bill, answer, and exhibits to the bill and answer offered in evidence, are these: So long ago as 1843, and previous thereto, the complainant (Spann) and one Henley were using separate ferry-boats and landings on the Tombeckbee river in this county, near Pickensville, one known as 'the Henley ferry,' and the other as 'the Ferguson ferry;' and, for their mutual advantage, they conveyed to each other the adjacent lands owned by

both, and held the same in common, and united in a ferry. There is no evidence to show that this joint ferry landing was ever carried into grant; but I have concluded so to treat it. This joint engagement and use continued after the death of Henley, until the latter part of the year 1850, when Henley's administrators sold his undivided half of the land to the defendant, Nance. Misunderstandings arising between them, and the complainant declining to acknowledge the defendant as a partner, or his title to a moiety of the land, the latter applied to the commissioners' court, and had the Henley grant renewed, which had fallen into disuse; and put in and run an opposition boat to the former joint boat of the complainant and Henley. The bill is filed to have an account of the profits of this opposition boat.

"By the deed between Henley and the complainant, they became tenants in common in the lands; but that was not the case as to the franchise, or ferry privileges and profits: as to them they were partners, and the agreement expressly so declares. As this was an indefinite partnership as to its continuance, on the death of Henley, or, at any rate, as soon as the then existing lease expired, it terminated. The defendant purchased only a moiety of the lands, and, when he became a tenant in common, he certainly had the right to enter upon the lands, and to enjoy them as Henley had done. It was no breach of any duty for him to set up an opposition ferry, when the complainant would not recognize his title, and declined to accede to his offer to form a partnership with him. He had given a valuable consideration for the property, and the complainant had no right to expect him to abandon it to him. The complainant makes no offer in his bill to account for the use of the ferry from which he had been excluding the defendant for the last five or six years. He must learn to do equity, before he asks the court to compel another to render equity to him. It is very evident that the defendant, before he obtained the renewal of the Henley ferry, made a full and fair offer to settle all existing difficulties, and to enter into partnership in the ferry. To this offer such a reply was not returned as one man,

desiring to do right by another, ought to have returned. The question of the title cannot be adjusted in this suit. This is not the court to try titles. The only question which can be tried, under this bill, is whether the complainant has the right to call the defendant to account in this court; and as to this question I have no hesitation in saying that, in the attitude in which he comes before this court, he has not any such right.

"It seems that the defendant has occasionally occupied some point on the land, to ship his cotton from; and for this the complainant claims compensation. If one tenant in common does an injury to the interest of another, which is not irreparable, the injury must be redressed at law, where a jury can decide the extent of the damages. If one applies improperly, and obtains a ferry privilege, when another is entitled to it, it must be redressed otherwise than in this court. It is not necessary, however, to notice this view."

The chancellor therefore dismissed the bill, and his decree is now assigned as error.

S. F. HALE, and WM. M. BROOKS, for appellant.
ALEX. B. CLITHERALL, contra.

RICE, C. J.—The opinion of the chancellor, except so far as it sustained the defendant's exceptions to the interrogatories of the complainant to his witnesses, is adopted as our opinion. Whether those exceptions be sustained or overruled, the complainant was not entitled to relief. Without passing on the correctness of the chancellor's opinion so far as it sustains these exceptions, we affirm his decree, at costs of the appellant.